County of Nassau v Civil Serv. Employees Assn. (2021 NY Slip Op 01748)





County of Nassau v Civil Serv. Employees Assn.


2021 NY Slip Op 01748


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-05774
 (Index No. 603216/18)

[*1]County of Nassau, appellant, 
v
Civil Service Employees Association, etc., et al., respondents.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee, William C. De Witt, and Jason Greenfield of counsel), for appellant.
Daren J. Rylewicz, Albany, NY (Leslie C. Perrin and Aaron E. Kaplan of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that a memorandum of agreement dated September 15, 2017, is invalid and unenforceable, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 12, 2019. The order and judgment, upon an order of the same court dated December 7, 2018, and upon an amended order of the same court dated March 6, 2019, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and to compel arbitration, and dismissed the complaint.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof dismissing the complaint, and (3) by adding thereto a provision staying the action pending arbitration; as so modified, the order and judgment is affirmed, without costs or disbursements, the complaint is reinstated, and the order and the amended order are modified accordingly.
In March 2018, the plaintiff, County of Nassau, commenced this declaratory judgment action against the defendants, Civil Service Employees Association, A.F.S.C.M.E., Local 1000, A.F.L.-C.I.O., Local 830 (hereinafter the union), and Jerry Laricchiuta, as president of the union. The County alleged that it and the union are parties to a collective bargaining agreement, as well as a subsequent memorandum of agreement dated September 15, 2017 (hereinafter the agreement). The County sought a judgment declaring that the agreement, which addressed, inter alia, longevity payments, is invalid and unenforceable because it was based upon a mutual mistake of fact. The union submitted a grievance on behalf of its members alleging, inter alia, that its members were not receiving longevity payments in accordance with the agreement.
The County subsequently commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration against the union, which is the subject of a related appeal (Matter of County of Nassau v Civil Service Employees Association, ___ AD3d ___ [decided herewith]).
In this action, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and, inter alia, to compel the County to submit to arbitration. In an order and judgment entered March 12, 2019, the Supreme Court granted those branches of the defendants' motion which were to dismiss the complaint and to compel arbitration, dismissed the complaint, and directed the parties to proceed to arbitration. The County appeals.
For the reasons stated in County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County (188 AD3d 1049), we modify the order and judgment by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, substituting therefor a provision denying that branch of the motion, by deleting the provision thereof dismissing the complaint, and by adding thereto a provision staying the action pending arbitration.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court